IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THAI QUOC MUU <br><br> Plaintiff, <br><br> v. <br><br> TRE PUBLISHING d/b/a <br> TRE WEEKLY MAGAZINE, INC. <br><br> Defendant. | CIVIL ACTION NO. <br> _____ <br><br> JURY TRIAL <br> DEMANDED |

## COMPLAINT FOR DAMAGES

Plaintiff THAO NGUYEN ("Plaintiff") files this complaint for damages against Defendant TRE PUBLISHING d/b/a Tre Weekly Magazine ("Defendant") as follows:

### JURISDICTION, VENUE AND PARTIES

1.

This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (hereinafter "the Act"). This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has personal jurisdiction over Defendant pursuant to O.C.G.A. § 9-10-91(1) arising out of Defendant's regular and

continuous conducting of business in the State of Georgia and within this judicial district and division.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391 and 1400(a).

3.

Plaintiff is an individual resident of the State of Georgia.

4.

On information and belief, Defendant is a Texas corporation with its principal place of business located at 3202 N Shiloh Road, Garland, TX 75044. Defendant may be served through its registered agent, Hoang Nguyen, at 3202 N Shiloh Road, Garland, TX 75044. On information and belief, Defendant regularly and continuously conducts business and maintains an office in the State of Georgia, and within this judicial district and division. Moreover, as shown herein, Defendant has engaged in tortious conduct giving rise to tortious effects felt in this judicial district.

## FACTS COMMON TO ALL COUNTS

5.

Plaintiff has the exclusive right to distribute, sell, and license the distribution and sale of the autobiography "Ky Niem Mot Doi Cam But,"

authored by Thai Quoc Muu (hereinafter referred to as the "Autobiography"). Plaintiff has secured and been awarded Copyright Registration No. TX-059-302 for the Autobiography.

6.

Plaintiff has invested, and continues to invest substantial sums of money, as well as time and effort, to develop, promote, sell, and license the Autobiography in which Plaintiff has exclusive rights in.

7.

Plaintiff's services are based on years of experience and independent development of customer-driven selling principles that are designed to achieve clients' sales objectives.

8.

The Autobiography contains material that originated wholly from Thai Quoc Muu and is copyrightable subject matter under the laws of the United States.

9.

On or before May 2013, Plaintiff obtained exclusive rights to distribute, sell, and license the distribution and sale of the Autobiography.

10.

Plaintiff has never licensed nor authorized the Defendant to re-publish or sell his copyrighted work.

11.

Plaintiff is currently and at all times relevant has been the sole proprietor of all right, title, and interest in and to the copyright in the Autobiography. The Autobiography has been distributed and sold by Plaintiff or under his authority or license in strict conformity with all laws governing copyright.

12.

Upon information and belief, since at least October 2014, Defendant has been selling, distributing, and otherwise marketing the Autobiography. An example of Defendant's infringing and unauthorized distribution of the Autobiography is attached hereto as Exhibit A. Upon information and belief, other unauthorized distributions of said work also exist.

13.

Upon information and belief, Defendant has made significant profits selling and distributing Plaintiff's Autobiography without Plaintiff's permission. Defendant has not shared nor offered to share any of these profits with the Plaintiff.

14.

The natural, probable and foreseeable result of Defendant's wrongful conduct has been and will continue to be to deprive Plaintiff of the benefits of distributing, marketing, and selling the Autobiography, to injure the fair market value of the rights associated therewith, and to injure Plaintiff's relations with present and prospective customers.

15.

On information and belief, Plaintiff has lost and will continue to lose substantial revenues and will also sustain other damages as a result of Defendant's wrongful conduct and acts of infringement.

16.

Unless enjoined and restrained by this Court, Defendant will continue their acts of infringing Plaintiff's copyright and otherwise profit from its infringing use of the Autobiography, thereby causing Plaintiff immediate and irreparable harm, damage, and injury. Plaintiff is entitled to an Order of this Court enjoining Tre's unlawful activities. Plaintiff has no adequate remedy at law.

## **COUNT I: COPYRIGHT INFRINGEMENT**

17.

Paragraphs 1 through 16 are realleged and incorporated herein by reference.

18.

Plaintiff owns a valid copyright in the Autobiography, Registration Number TX-8-059-302.

19.

Defendant, without authorization, distributed, sold, and otherwise marketed the Autobiography.

20.

By its actions alleged above, Defendant, through itself or its instrumentalities, has infringed and will infringe Plaintiff's copyright in and relating to the Autobiography pursuant to 17 U.S.C. §§ 101 *et seq.*. Defendant's infringement has been and continues to be willful.

21.

Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the United States copyright laws.

22.

As a result of Defendant's conduct set forth above, Plaintiff has suffered damages. Plaintiff is entitled to a judgment against Defendant for, among other things: (1) Defendant's profits, gains and advantages derived

from the copyright infringement; (2) actual damages sustained by Plaintiff, including lost profits, lost value in its copyright, lost royalties, and any and all diminution in value suffered as a proximate result of said infringement; (3) Plaintiff's statutory damages; (4) Plaintiff's attorney fees; (5) Plaintiff's costs of this action; and (6) pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

(1) That the Court find that Defendant willfully infringed Plaintiff's copyright in the Autobiography.

(2) That the Court find a substantial likelihood that Defendant will continue to infringe Plaintiff's copyright in its Autobiography unless enjoined from doing so.

(3) That Defendant, its corporate officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them be preliminary and permanently enjoined and restrained from directly and indirectly infringing upon Plaintiff's rights in and to his copyright in the Autobiography.

(4) That Defendant be directed to file with the Court and serve on Plaintiff, no later than thirty (30) days after the issuance of an

injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(5) That Defendant be required to deliver up to be impounded during the pendency of this action all originals, copies, or facsimiles, or duplicates of any and all works infringing Plaintiff's Copyright in their possession or under their control and to deliver up for destruction all infringing originals, copies, facsimiles, or duplicates and all other matter for making such infringing copies.

(6) That an accounting be conducted and judgment be rendered against Defendant for copyright infringement, to wit:

    (a) all gains, profits, and advantages received or derived by Defendant on account of Defendant 's copyright infringement pursuant to 17 U.S.C. §§ 101 et. seq., and the common law; and

    (b) all damages, including an statutory damages, sustained by Plaintiff on account of Defendant's copyright infringement pursuant to 17 U.S.C. §§ 101 et. seq., and the common law; and

    (c)    actual compensatory damages in an amount to be determined during the pendency of this action.

(7)    That the Court award Plaintiff all of its costs and attorney's fees in connection with this action, along with any and all other relief that Plaintiff may show it is justly entitled to in this case.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

This 7th day of October, 2015.

Respectfully submitted,

_____
Douglas R. Kertscher
Georgia Bar No. 416265
Attorney for Plaintiff

HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Suite 800
Atlanta, Georgia 30339
Tel: 770-953-0995
Fax: 770-953-1358